

FILED & ENTERED

NOV 21 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | No. 2:17-bk-21018-RK |
| PROTOTYPE ENGINEERING & MANUFACTURING, INC., | Chapter 7 |
| | Adv. No. 2:19-ap-01332-RK |
| Debtor. | **SEPARATE STATEMENT OF DECISION ON STIPULATION AND MOTION OF CRASH VICTIM PLAINTIFFS TO SUBSTITUTE TRUSTEE AS PLAINTIFF OR, IN THE ALTERNATIVE, TO INTERVENE** |
| WESLEY H. AVERY, Chapter 7 Trustee, | Date:    November 12, 2019
Time:    2:30 PM
Place:   Courtroom 1675
         Roybal Federal Building
         255 East Temple Street
         Los Angeles, California   90012 |
| Plaintiff, | |
| v. | |
| LEYA TECHNOLOGIES, LLC, et al., | |
| Defendants. | |

    On November 12, 2019, this adversary proceeding came on for hearing on the Stipulation Conveying Standing to Jon and Maria Thernstrom, Cameron and Michelle Witzler and Colette Carpenter, Both Individually and in Her Capacity as Administrators of the Estates of Clayton O. Carpenter ("Crash Victim Plaintiffs") for the Limited Purpose

of Substituting of Joining the Trustee as Plaintiffs in Adversary Proceeding No. 19-ap-01322 (ECF 13); the Motion of the Crash Victim Plaintiffs to Substitute Trustee as Plaintiff or, in the Alternative, to Intervene (ECF 15); Defendants' Objection to Entry of Order Approving Stipulation and Request to Consolidate Briefing Schedule (ECF 19) and Defendants' Opposition to Motion to Substitute Trustee as Plaintiff or, in the Alternative, to Intervene (ECF 34).  The court's rulings are stated in the Order re: Stipulation Conveying Standing and Motion of Crash Victim Claimants to Substitute Trustee as Plaintiff or, in the Alternative, to Intervene (ECF 43), filed and entered on November 20, 2019.  As stated on the record at the hearing on November 12, 2019, the reasons for the court's rulings were stated on the record and in the court's tentative ruling posted on the court's website before the hearing.  The court hereby places on the docket a copy of its tentative ruling attached hereto as part of the record of the reasons for its ruling.

IT IS SO ORDERED.

###

Date: November 21, 2019

Robert Kwan
United States Bankruptcy Judge

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Robert Kwan, Presiding
Courtroom 1675 Calendar

Tuesday, November 12, 2019            Hearing Room    1675

2:30 PM
**2:17-21018**    **Prototype Engineering & Manufacturing, Inc.**        **Chapter 7**
Adv#: 2:19-01332     Avery v. Leya Technologies, LLC et al

    **#14.00**     Hearing re: Motion of Jon and Maria Ternstrom, Cameron and Michelle Witzler, and Colette Carpenter, both individually and in her capacity as administrators of the estates of Clayton O. Carpenter, to substitute trustee as plaintiff or, in the alternative, to intervene

                                  Docket     15

**Tentative Ruling:**

    Revised tentative ruling as of 11/11/19:

    Pending before the court are: (1) trustee's stipulation conveying standing to the Crash Victim Claimants/Blackhawk Plaintiffs (claimants) for the limited purpose of substituting or joining the trustee as plaintiffs in Adv. No. 19-ap-01332 and the objection thereto by defendants; (2) the motion of Crash Victim Claimants/Blackhawk Plaintiffs to substitute trustee as plaintiff, or in the alternative, to intervene.

    Apparently, trustee and claimants seek approval of their stipulation, and based on the stipulation, claimants in their motion seek to substitute for trustee.

    The operative provisions of the stipulation which sets forth the terms of the agreement between trustee and claimants lacks clarity as to: (1) who owns the claims; (2) whether trustee remains as a party to the adversary proceeding; (3) who has control over the claims; and (4) how is counsel for claimants to be compensated. These matters need be clarified before the court would approve the stipulation.

    FRCP 25(c) though FRBP 7025 permits substitution of a party to a lawsuit who assigns or transfers its interest during the course of the lawsuit. However, the stipulation here provides for a transfer of "standing," which is unclear. Defendants appear to raise a proper technical objection that this is not an "interest" within the meaning of FRCP 25(c) because it appears that trustee is not transferring his interest in the claims in the lawsuit because the stipulation provides for authority of trustee to settle the claims with

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Robert Kwan, Presiding
Courtroom 1675 Calendar

Tuesday, November 12, 2019                  Hearing Room    1675

2:30 PM
CONT...        **Prototype Engineering & Manufacturing, Inc.**            **Chapter 7**

consultation, but not approval, of claimants. Thus, it is unclear under the stipulation who owns the claims in the lawsuit.

It appears that because the trustee is not transferring his interests in the claims of the lawsuit, he remains a party to the lawsuit, and thus, this would not appear to be a "substitution" within the literal sense under FRCP 25(c).

With respect to who has control over the claims in the lawsuit, since it is unclear who own the claims, it is also unclear who has control over the claims. Under the stipulation, the trustee retains control over the claims because he has authority to settle the claims without approval of claimants, and it would also appear that he still owns the claims.

While the recitals in the stipulation state that claimants will bear the cost of the litigation on behalf of the estate, there is nothing in the operative provisions of the stipulation about how counsel for claimants will be compensated, whether under 11 U.S.C. §§327(c) and 330 or under 11 U.S.C. §§ 503(b)(3)(B) and (b)(4), or otherwise. Since the claims are being prosecuted on behalf of the estate, it is important to know how counsel prosecuting the claims will be compensated for transparency's sake and for the court determine that this would be in the best interests of the estate.

The stipulation does not appear to be an assignment of estate claims which was approved by the Ninth Circuit in *In re P.R.T.C., Inc.*, 177 F.3d 774 (9th Cir. 1999).

The stipulation may fall within the creditor recovery model with compensation for claimants' counsel under 11 U.S.C. §§ 503(b)(3)(B) and (b)(4) which was described and approved in *In re Godon, Inc.*, 275 B.R. 555 (Bankr. E.D. Cal. 2002). The claims apparently remain owned by the estate.

Regarding defendants' objections:

That claimants may sue defendants is not a disqualifying conflict of interest. *In re Sarao*, 444 B.R. 496, 499 (Bankr. D. Mass. 2011) ("Anyone representing a trustee in suing a creditor will have a conflict of interest with that creditor.").

That claimants' claims are not liquidated to a judgment is not a disqualifying conflict of interest as most creditor claims are not liquidated to a judgment

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Robert Kwan, Presiding
Courtroom 1675 Calendar

Tuesday, November 12, 2019                                            Hearing Room    1675

2:30 PM
**CONT...**      **Prototype Engineering & Manufacturing, Inc.**                     **Chapter 7**
and every creditor by filing of a claim against the estate has a conflict with the estate, which is not a disqualifying conflict. *In re Sarao*, 444 B.R. at 499 ("A creditor's preoccupation with recovering on its claim in a bankruptcy case does not necessarily place it in conflict with other creditors.").

In *In re Parmetex*, 199 F.3d 1029, 1031 (9th Cir. 1999), the Ninth Circuit specifically held that although a trustee must generally file an avoidance action in a Chapter 7 bankruptcy case, under the particular circumstances that the trustee stipulated that the creditors could sue on his behalf and the bankruptcy court approved that stipulation, the creditors had standing to bring the suit. As summarized by the Ninth Circuit in *In re Cho*, 9 Fed. Appx. 633, 635 (9th Cir. 2001), as a narrow exception to the rule that the trustee only has standing to litigate claims belonging to the estate, the circuit recognized in *Parmatex* that "a creditor does have standing to litigate a claim belonging to the estate where the trustee authorizes the creditor's action, with the bankruptcy court's approval, and the creditor stipulates that the suit is brought on behalf of the estate" and "[i]n limited circumstances, a creditor may move the bankruptcy court to pursue litigation on behalf of the estate even in the absence of the trustee's approval."

*Parmetex* does not specifically limit creditor recovery actions to avoidance claims, although the opinion only discussed avoidance actions. The case of *In re P.R.T.C., Inc.*, 177 F.3d 774, 776-777, 782-783 and n. 1 (9th Cir. 1999) upheld the bankruptcy court's approval of a Chapter 7 trustee's assignment of the estate's claims to sue various parties relating to prepetition and postpetition transfers of debtors' and the estates' property, misappropriation of assets of debtors and their estates and usurpation of corporate opportunities of debtors and their estates, which were not limited to avoidance claims.

Other case law generally indicates that a creditor may seek bankruptcy court authorization to bring derivative actions on behalf of the bankruptcy estate. *In re Parmetex*, 199 F.3d at 1031, *citing inter alia, In re The Gibson Group, Inc.*, 66 F.3d 1436, 1442 (6th Cir. 1995); *In re Xonics Photochemical, Inc.*, 841 F.2d 198, 203 (7th Cir. 1988); and *In re Curry and Sorensen, Inc.*, 57 B.R. 824, 828 (9th Cir. BAP 1986) (Chapter 11 case); *see also, In re Spauding Composites*

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Robert Kwan, Presiding
Courtroom 1675 Calendar

Tuesday, November 12, 2019                                                  Hearing Room   1675

2:30 PM
**CONT...**      **Prototype Engineering & Manufacturing, Inc.**                          **Chapter 7**

Co., Inc., 207 B.R. 899, 903-904 (9th Cir. BAP 1997). In *Curry and Sorenson, Inc.*, the BAP held that a creditor dissatisfied with the lack of action by a debtor in possession may move the bankruptcy court to compel the debtor to act or obtain court permission to bring the action itself, but the creditor must obtain prior court approval before bringing the action itself and the action must be brought in the name of the bankruptcy estate as the real party in interest. See *In re Spauding Composites Co., Inc.*, 207 B.R. at 903-904. In *In re Spauding Composites Co., Inc.*, the BAP upheld the stipulation between the creditors' committee and the debtor in possession for the committee to bring an automatic stay claim belonging to the estate against another creditor on grounds that the bankruptcy court's approval of the stipulation authorizing derivative standing was based on its exercise of judicial oversight to verify that the litigation was necessary and beneficial to the estate and the representation by the creditors' committee did not present undue concerns. *Id.* The BAP in *Spauding Composites* also held that such approval of such derivative standing need not be prior, but may be retroactive. *Id.*

The case of *Bankruptcy Estate of Leachman v. Harris,* 2013 WL 428572 (N.D. Cal. 2013) is distinguishable because in that case, the probability of an actual conflict of interest with the estate disqualified the creditor who was appointed by the bankruptcy court as the agent of the estate to sue another creditor because the other creditor likely had a cross-claim for indemnity against the creditor/agent arising out of the estate's claim. That is not the situation here because there is no showing or indication of any risk of conflict of interest between claimants and the estate arising out of the litigation to be conducted on the estate's claims. Moreover, this case does not support the proposition that derivative standing may not be authorized for nonavoidance actions, which would be inconsistent with other Ninth Circuit and BAP case precedent, such as *In re P.R.T.C., Inc.* and *In re Spauding Composites Co., Inc.*

The case of *In re Chalasani,* 92 F.3d 1300, 1312 (2nd Cir. 1996) is distinguishable from this case because that case did not involve a creditor seeking derivative standing in acting on behalf of the bankruptcy estate to litigate the estate's claims, but involved the substitution of one creditor for another in an action to deny a Chapter 7 debtor's discharge under 11 U.S.C.

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Robert Kwan, Presiding
Courtroom 1675 Calendar

Tuesday, November 12, 2019      Hearing Room   1675

**2:30 PM**
**CONT...**     Prototype Engineering & Manufacturing, Inc.      **Chapter 7**
§ 727.

Based on the foregoing, it appears that the court could approve a stipulation between the trustee and the claimants to authorize them to prosecute the estate's claims against defendants on behalf of the estate with the court's approval. However, it would not be this one now before the court in order to meet the court's conditions for approval as set forth in this tentative ruling that the terms of authorization of derivative standing regarding ownership of the claims, trustee's status as a party to the adversary proceeding, control of the claims and compensation for counsel for claimants are matters that need clarification. With respect to FRCP 25(c) substitution, the rule is procedural, and as the Ninth Circuit stated in *In re Bernal,* 207 F.3d 595, 598 (9th Cir. 2000), "[t]he rule focuses on what was really going on in this case, and is designed to cope with that." Thus, depending on how the stipulation is eventually amended, claimants would prosecute the claims of the estate either in their name or in the name of the trustee as the real party in interest, meaning substitution under FRCP 25(c) may or may not be necessary.

With respect to the motion to intervene as of right, claimants must satisfy four factors: (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action. *The Wilderness Society v. U.S. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011) (citation omitted).

With respect to the first factor of timeliness, claimants satisfy this factor because: (1) the stage of the proceeding at which an applicant seeks to intervene is early as the case was recently initiated in September 2019 and the pleadings are not yet at issue; (2) there is no prejudice to other parties by the intervention (i.e., by delay in moving to intervene); and (3) the reason for and length of the delay are that there was minimal, if no, delay, and any delay was short, i.e., one month before the motion to intervene was filed. *California Department of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002).

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Robert Kwan, Presiding
Courtroom 1675 Calendar

Tuesday, November 12, 2019                                              Hearing Room    1675

2:30 PM
**CONT...**     Prototype Engineering & Manufacturing, Inc.                **Chapter 7**

With respect to the second factor of significantly protectable interest, claimants satisfy this factor. The "significantly protectable" interest requirement is generally satisfied when the interest is protectable under some law, and there is a relationship between the interest and the claims at issue. *Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003); *Smith v. Pangilinan*, 651 F.2d 1320, 1324 (9th Cir. 1981) —would-be intervenor must show "a protectable interest of sufficient magnitude to warrant inclusion in the action"; *see also,* Phillips and Stevenson, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial, California and Ninth Circuit Edition,* ¶ 7-213 (online edition, April 2019 update). A significant protectable interest exists here because claimants have a pecuniary interest in the outcome of the litigation based on their claims in the bankruptcy case because property could be recovered on behalf of the estate to pay their creditor claims. *In re Family Christian, LLC,* 530 B.R. 417, 424-425 (Bankr. W.D. Mich. 2015); *see also, Securities and Exchange Commission v. Navin,* 166 F.R.D. 435, 440 (N.D. Cal. 1995) (defrauded investor had significant protectable interest in her fraud claim to intervene in SEC enforcement action against the company on grounds that relief sought by SEC terminating the existing state court receivership and liquidation of assets in the SEC action would affect payment on her claim). The claimants' creditor claims are substantial, $35 million, though yet to be litigated and liquidated under applicable tort law, and their interest relates to the claims in the litigation because the litigation claims may provide for a recovery on their creditor claims.

With respect to the third factor of disposition of case would as a practical matter impair or impede claimants' ability to protect that interest, claimants satisfy this factor. It must be shown that disposition of the pending action would have a potential adverse impact on the would-be intervenor's interest … i.e., that it may "as a practical matter impair or impede the movant's ability to protect its interest." Phillips and Stevenson, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial, California and Ninth Circuit Edition,* ¶¶ 7-225, *citing inter alia, Securities and Exchange Commission v. Navin,* 166 F.R.D. at 440 and *Cunningham v. David Special Commitment Center,* 158 F.3d 1035, 1038 (9th Cir. 1998).

The Ninth Circuit has rejected the notion that FRCP 24(a)(2) requires a

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Robert Kwan, Presiding
Courtroom 1675 Calendar

Tuesday, November 12, 2019             Hearing Room    1675

2:30 PM
**CONT...**      **Prototype Engineering & Manufacturing, Inc.**             **Chapter 7**

specific legal or equitable interest. Phillips and Stevenson, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial, California and Ninth Circuit Edition,* ¶¶ 7-213 and 7-214. "Instead, 'a party has a sufficient interest for intervention purposes if it will suffer a *practical impairment of its interests* as a result of the pending litigation.'" *Id.*, citing and quoting, *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006) (emphasis added). If the litigation is not pursued for lack of resources, claimants would suffer a practical impairment of their significant protectable interest in their creditor claims as a result of the pending litigation from the loss of the potential recovery through the litigation because only the trustee who lacks litigation resources is the only party who generally has standing to pursue the claims in the pending litigation.

Based on *California ex rel. Lockyer v. United States,* the court rejects defendants' argument that claimants must have a legal right in the estate claims as the term significant protectable interest relates to their creditor claims based on tort law and not in the claims that are in the litigation for which they seek intervention and that such significant protectable interest relates to the pending litigation in which intervention is sought. These are separate concerns which defendants apparently conflate. The case of *Perry v. Schwarzenegger,* 630 F.3d 898, 904 (9th Cir. 2011) does not support the proposition argued by defendants that the claimants as the moving parties to intervene must have a legally protectable interest in the subject of the pending case and standing to enforce their legal rights because, one, the opinion does not say that, and two, the case turns on its peculiar circumstances that a deputy county clerk did not have a significant protectable interest in litigation involving the duties of her superior, the county clerk, charged with enforcement of certain state laws.

With respect to the fourth factor of adequacy of representation by existing parties, claimants satisfy this element. Various factors may be considered in determining whether existing parties adequately represent the would-be intervenor's interests, such as whether the interest of an existing party is such that it will "undoubtedly" make all of the proposed intervenor's arguments, whether the existing parties are capable of and willing to make such arguments; whether the intervenor would add some necessary element to the

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Robert Kwan, Presiding
Courtroom 1675 Calendar

Tuesday, November 12, 2019                                                                 Hearing Room    1675

2:30 PM
CONT...     Prototype Engineering & Manufacturing, Inc.                              Chapter 7
suit that would otherwise be neglected, and the most important factor is how the parties' interests compare—if they share the same objectives, a presumption of adequacy of representation exists.   Phillips and Stevenson, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial, California and Ninth Circuit Edition*, ¶ 7-237, citing, *Arakaki v. Cayetano*, 324 F3d at 1086 and *Citizens for Balanced Use v. Montana Wilderness Association*, 647 F.3d 893, 898 (9th Cir. 2011).  On this record, the court determines that claimants make a compelling showing of this factor of inadequacy of representation to rebut any presumption of adequacy of representation based on the alignment of interests with the trustee because the trustee cannot adequately represent their interests because there are no assets in the estate for him to proceed with the litigation and unless claimants intervene or substitute in the case, the case will not be prosecuted, and any potential recovery would be lost.

Based on the foregoing, the court would grant claimants intervention as of right.  Because the court would likely grant intervention as of right, it is not necessary to consider permissive intervention under FRCP 24(b)(2).

The court is inclined to reject the stipulation in its present form, but would allow an opportunity for claimants and the trustee to amend the stipulation to address the court's concerns regarding ambiguities in the stipulation.  However, as to the motion, the court deny the motion for substitution without prejudice or continue the hearing for amendment of the stipulation and opportunity to be heard on the amendment, and the court would conditionally grant the motion for intervention as of right based on the requirements of creditor derivative standing under Ninth Circuit case law, such as *Parmatex* are met, including the condition that the suit is brought on behalf of the estate, specifically, that they are litigating the estate's claims on its behalf, that the recovery is for the estate, that there will be no actual conflict of interest between the estate and claimants in the pending litigation and that the actual, necessary and reasonable costs of litigation will be borne by claimants, which should be memorialized in a written stipulated agreement approved by the court.  As to the requirement of FRCP 24(c) for a pleading that set forth the claim or defense that intervention is sought, claimants can simply file a complaint in intervention as their pleading which states which claims or

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Robert Kwan, Presiding
### Courtroom 1675 Calendar

**Tuesday, November 12, 2019**                                                      **Hearing Room    1675**

### 2:30 PM
**CONT...**    **Prototype Engineering & Manufacturing, Inc.**                                   **Chapter 7**

defenses for which intervention is sought and incorporate the claims and defenses from the amended complaint by reference.

Appearances are required on 11/12/19, but counsel may appear by telephone.

Prior tentative ruling:
No tentative ruling pending review of the reply to defendants' opposition to motion of Crash Victim Plaintiffs (also referred to in the papers as Blackhawk Plaintiffs) to substitute or intervene due on 11/8/19. Appearances are required on 11/12/19, but counsel may appear by telephone.

| Party Information |
|---|

**Debtor(s):**

| | |
|---|---|
| Prototype Engineering & | Represented By<br>Carol Chow |

**Defendant(s):**

| | |
|---|---|
| Leya Technologies, LLC | Represented By<br>Brian L Davidoff |
| Bahram Bordbar | Represented By<br>Brian L Davidoff |
| Malahat Bordbar | Represented By<br>Brian L Davidoff |
| Sara Bordbar | Pro Se |

**Plaintiff(s):**

| | |
|---|---|
| Wesley H Avery | Represented By<br>Carmela Pagay |

**Trustee(s):**

| | |
|---|---|
| Wesley H Avery (TR) | Represented By<br>Timothy J Yoo<br>Carmela Pagay<br>Lindsey L Smith |